11-1350-cv
Hall v. State of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of  March, two thousand twelve.

Present:
      ROBERT A. KATZMANN,
      REENA RAGGI,
            *Circuit Judges*,
      JED S. RAKOFF,
            *District Judge*.[*]

_____

PETER HALL,

    *Plaintiff-Appellee*,

        v.                                 No.  11-1350-cv

STATE OF NEW YORK, GREEN HAVEN CORRECTIONAL FACILITY, INVACARE CORPORATION, LUCIEN J. LECLAIRE, JR., Commissioner of the New York State Department of Correctional Services, individually and in his official capacity, GLENN GOORD, former Commissioner of the New York State Department of Correctional Services, individually and in his official capacity, LESTER WRIGHT, M.D., M.P.H., Associate Commissioner/Chief Medical Officer of the New York State Department of Correctional Services, individually and in his official capacity, ROBERT ERCOLE, Superintendent of Green Haven Correctional Facility, individually and in his official capacity, FREDERICK BERNSTEIN, THOMAS POOLE, Superintendent of Five Points Correctional Facility, individually and in his official capacity,

_____

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

FREDERICK BERNSTEIN, M.D., Medical Director at Green Haven Correctional Facility, individually and in his official capacity, JOHN DOE, 1-25, Correction Officers, Nursing Staff, and other employees of Green Haven Correctional Facility, individually and in their official capacity, THOMAS EAGAN, Director of the Inmate Grievance Program for the New York State Department of Correctional Services, individually and in his official capacity, ROBERT ERCOLE, NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, WILLIAM PHILLIPS, former Superintendent of Green Haven Correctional Facility, individually and in his official capacity, THOMAS POOLE, JANE DOE, 1-25, Correction Officers, Nursing Staff, and other employees of Green Haven Correctional Facility, individually and in their official capacities,

        *Defendants*,

DONALD STEVENS, Head Nurse Administrator at Green Haven Correctional Facility, individually and in his official capacity, DANIEL WEINSTOCK, M.D., Medical Director at Five Points Correctional Facility, individually and in his official capacity,

        *Defendants-Appellants*.

_____

| | |
|---|---|
| For Plaintiff-Appellee: | RAMI BARDENSTEIN, Frommer Lawrence & Haug LLP, Washington, D.C. (David A. Zwally, Gina M. Bassi, Frommer Lawrence & Haug LLP, New York, N.Y., *on the brief*) |
| For Defendants-Appellants: | DAVID LAWRENCE III, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Richard Dearing, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, N.Y. |

Appeal from the United States District Court for the Southern District of New York (Daniels, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgment of the district court be and hereby is **REVERSED** and

**REMANDED** with instructions to enter judgment in favor of defendants-appellants.

Defendants-appellants Donald Stevens and Daniel Weinstock bring this interlocutory

appeal following entry of a memorandum decision and order in the United States District Court

for the Southern District of New York (Daniels, *J.*), denying their motion for summary judgment. Plaintiff-appellee Peter Hall, a former state prisoner, seeks monetary damages under 42 U.S.C. § 1983, claiming that defendants-appellants Donald Stevens, the head nurse administrator at Green Haven Correctional Facility, and Dr. Daniel Weinstock, the medical director at Five Points Correctional Facility, violated the Eighth Amendment's prohibition on cruel and unusual punishment by failing to provide Hall with a new wheelchair and thus forcing him to use an unsafe wheelchair while he was in custody of the New York State Department of Correctional Services. On appeal, defendants-appellants contend that, taking Hall's version of the events as true, Hall cannot satisfy the two elements required to recover on an Eighth Amendment claim for deliberate indifference to serious medical needs. First, they argue that the wheelchair's condition did not expose Hall to an objectively unreasonable risk of serious harm. Second, they contend that neither of them acted with deliberate indifference to Hall's safety. We assume the parties' familiarity with the facts and procedural history of this case.

Based on the collateral order doctrine, a district court's denial of qualified immunity is a final judgment appealable under 28 U.S.C. § 1291. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Specifically, an interlocutory appeal is available where, as here:

> the defendant contends that on stipulated facts, or on the facts that the plaintiff alleges are true, or on the facts favorable to the plaintiff that the trial judge concluded the jury might find, the immunity defense is established as a matter of law because those facts show either that he "didn't do it" or that it was objectively reasonable for him to believe that his action did not violate clearly established law.

*Salim v. Proulx*, 93 F.3d 86, 90-91 (2d Cir. 1996).

We review the district court's denial of summary judgment on qualified immunity grounds *de novo*. *Amore v. Novarro*, 624 F.3d 522, 529 (2d Cir. 2010). Summary judgment is appropriate

3

when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact to be tried, and the moving party is entitled to judgment as a matter of law. *Ruggiero v. County of Orange*, 467 F.3d 170, 173 (2d Cir. 2006).

Government officials "are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Thus, "public officials are entitled to qualified immunity if (1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did not violate those rights." *Weyant v. Okst*, 101 F.3d 845, 857 (2d Cir. 1996).

To support an Eighth Amendment claim based upon improper medical care, an inmate is required to establish facts demonstrating that the defendants' alleged acts or omissions were "sufficiently harmful to evidence deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A deliberate indifference claim requires a showing of both objective and subjective elements. *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). To satisfy the objective element, "the alleged deprivation must be, in objective terms, sufficiently serious." *Id.* (internal quotation marks omitted). To satisfy the subjective element, "the charged official must act with a sufficiently culpable state of mind." *Id.* The defendant acts with deliberate indifference only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

4

In this case, taking the facts in the light most favorable to the plaintiff-appellee, we conclude that defendants-appellants Stevens and Weinstock are entitled to summary judgment because they did not violate Hall's clearly established constitutional rights and, at the very least, it was objectively reasonable for them to believe their actions did not violate such rights. As to Nurse Stevens, the undisputed facts demonstrate that Stevens took appropriate steps to address Hall's concerns about his wheelchair. Upon receiving a complaint from Hall, Stevens sent the wheelchair to the Physical Therapy Department for evaluation and repair. The Physical Therapy Department then tightened the armrests on the wheelchair and informed Stevens that the wheelchair was safe and functional. When Hall continued to complain about the condition of his wheelchair, Stevens responded that he would look into "getting [the] wheelchair repaired," J.A. 264, but Hall insisted that he wanted a new wheelchair. In response to Hall's request for a new wheelchair, Stevens told Hall that he would have to talk to Dr. Weinstein, the specialist in treating disabled persons.[1] Given that, according to Hall's own testimony, Stevens told Hall that he would need to request a new wheelchair with Dr. Weinstein, we cannot conclude that Stevens exhibited deliberate indifference to Hall's medical needs by failing to send the wheelchair back to the Physical Therapy Department for further repairs, especially since Hall's Local Rule 56.1

---

[1] It is worth noting that Hall was never actually injured by his wheelchair after it was repaired on October 5, 2004. The basis of Hall's Eighth Amendment claim "is that his constitutional rights were violated . . . by the fear that he experienced following the [September 2004] accident due to the . . . defendants' failure to provide him with a new wheelchair." J.A. 465-66. While the absence of actual harm does not necessarily suggest that the wheelchair did not pose an objectively serious risk of injury, the fact that Hall was never actually injured by the wheelchair after it was repaired is nonetheless highly relevant to the Eighth Amendment analysis. As we have previously observed, "in most cases, the actual medical consequences that flow from the alleged denial of care will be highly relevant to the question of whether the denial of treatment subjected the prisoner to a significant risk of serious harm." *Smith v. Carpenter*, 316 F.3d 178, 187 (2d Cir. 2003).

5

statement opposing summary judgment admits that "[a]t no time after October 4, 2004 did plaintiff's wheelchairs need additional repairs." J.A. 402, ¶ 20. Hall's own testimony also demonstrates that Hall would not have been satisfied with further repairs as he insisted upon obtaining a *new* wheelchair.

As to Dr. Weinstock, Hall testified that when he complained about his wheelchair, Dr. Weinstock examined the wheelchair and stated that it appeared to be in working order. Given Dr. Weinstock's assessment that the wheelchair was functioning properly, he reasonably believed that there was no need for him to take further action. And, even assuming arguendo that Weinstock was mistaken about the wheelchair and had perhaps acted negligently in failing to send the wheelchair for further evaluation, mere negligence is not sufficient to establish deliberate indifference. *Estelle*, 429 U.S. at 106. Moreover, given Hall's admission that the wheelchair did not need additional repairs after October 4, 2004, Hall cannot contend that Weinstock acted recklessly in failing to have the wheelchair inspected by the Physical Therapy Department.

Accordingly, we conclude that defendants-appellants Stevens and Weinstock are entitled to qualified immunity. We therefore **REVERSE** the order of the district court and **REMAND** the case to the district court with instructions to enter judgment for defendants-appellants.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6